hPICKETT, Judge,
Dissenting.
I respectfully dissent.
Cole-Miers Post 3619 V.F.W. of DeRid-der (VFW) is located in Ward Three of Beauregard Parish. On December ' 4, 1976, Beauregard Parish voted by referendum to prohibit the sale of alcoholic beverages in Ward Three of Beauregard Parish.
The VFW applied to the ATC for a State permit authorizing the sale of alcoholic beverages of both low and high alcoholic content. The ATC denied the | ¡^application by letter citing La.R.S. 26:81, which states, in pertinent part:
No permit shall be issued by the commissioner or by any municipality of parish to authorize any business in any subdivision of the State where business in any subdivision of the State where business has been prohibited by referendum vote.
I would note that the record establishes that the VFW is not requesting the permit for the direct benefit of providing alcohol to its membership; because the VFW’s own organizational rules prohibit alcohol at member meetings. The VFW desires the Class A permit to facilitate what amounts to “retail sales” of alcohol by other organizations renting the VFW premises and for the purpose of selling alcohol at its Saturday night dances which are open to the public.
The majority holds that La.R.S. 26:81(E) provides an exception to the prohibition against granting a Class A license to a business located in an area that has been voted “dry” by its citizens and allows fraternal organizations to operate bars in those dry areas. I cannot agree with their interpretation of that statute.
Originally, the language set forth in what is now La.R.S. 26:81(E) was a part of La.R.S. 26:80(C) which authorized governing authorities of parishes and municipalities to enact ordinances prohibiting the conduct of alcoholic beverage businesses within certain distances of a church, playground, public library, or school, within certain limits, and the manner for measuring those distances. A fraternal organization was exempted from these restrictions.
The statute was amended in 1987 and, at that time, the language in La.R.S. 26:80(C) which provided any regulations that a business selling alcoholic beverages be a certain distance from a church, synagogue, public library, school or playgrounds “do not apply to a ... bona fide hotel, or fraternal organization, nor to any premises I «which have been licensed to deal in aleo- *603 holic beverages for a period of one year or longer prior to the adoption of the ordinance ...” was set forth in a separate subsection, the present La.R.S. 26:81(E). The information in the Digest of that act indicates an intent to clarify “the method for measuring the distance from school and churches for operating an alcoholic beverage business.” (Pg. 108 at lines 6-7). There is no indication the intent was to substantively change the law and create an exception to the prohibition of alcoholic beverage sales in a Ward where such sales have been prohibited by referendum vote. It is clear, from a review of the history of this statute, that La.R.S. 26:81(E) pertains solely to those subsections which allow for the restriction of the sale of alcoholic beverages in close proximity to schools, churches, playgrounds, and public libraries.
The majority’s interpretation leads to an absurd result in its application.
La.R.S. 26:81 is a part of Title 26, Chapter 1, which deals exclusively with alcoholic beverages “... having an alcoholic content of more than six per cent by volume ...” La.R.S. 26:2(1). By its language 26:81 applies solely to permits authorized under Chapter 1.
Title 26, Chapter 2, regulates the issuance of licenses for the sale of alcoholic content and defines beverages of low alcoholic content as “alcoholic beverages containing not more than six per cent alcohol by volume.” La.R.S. 26:241(1). La.R.S. 26:281(B) sets forth that “No permit shall be issued by the Commissioner or local authorities to authorize the conduct of business in any subdivision of the State wherein that business has been prohibited by referendum vote.” La.R.S. 26:281 does not provide the exceptions set forth in 26:81(E).
j4In other words, had the VFW sought a permit for the sole purpose of selling beer and wine coolers they could not prevail. The majority’s interpretation of 26:81(E), however, allows them to sell whiskey.
I further do not agree that the VFW qualifies as a “fraternal organization” if one accepts the majority’s interpretation of 26:81(E).
Since the statute does not define “fraternal organization,” the majority relies on the definition under the insurance code which defines a “fraternal benefit society” as follows:
“[A]ny incorporated society, order, or supreme lodge, without capital stock, including one exempted under the provisions of R.S. 22:578(A)(2), whether incorporated or not, conducted solely for the benefit of its members and their beneficiaries and not for profit, operated on a lodge system with ritualistic form of work, having a representative form of government, and which provides benefits in accordance with this part.” La.R.S. 22:541.
I do not agree that the evidence establishes that the plaintiff qualifies as a fraternal organization under this definition.
Further, the State tax code draws a distinction between a “fraternal society” and a “post or organizations of war veterans, or auxiliary units or societies of any such posts or organizations.” La.R.S. 47:57(4) and 47:56(5). The VFW is an organization of war veterans and therefore not a fraternal organization. This is further supported by a letter from the Internal Revenue Service addressed to plaintiff classifying plaintiff as tax exempt under Section 501(0(19) of the Internal Revenue Code. .Section 501(0(19) applies to posts or organizations of war veterans.
For the above reasons, I respectfully dissent.